# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| RON BROTHERS, ET AL. | CIVIL ACTION NO. 16-0272 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| WARRIOR ENERGY SERVICES, CORPORATION D/B/A SPC RENTALS | MAGISTRATE JUDGE HAYES |

## MEMORANDUM RULING

Before the Court is Defendant Warrior Energy Services, Corporation d/b/a SPC Rentals' ("SPC Rentals") Motion for Partial Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(6). See Record Document 4. Plaintiffs have opposed the motion. See Record Document 8. For the reasons set forth below, SPC Rentals' Motion for Partial Dismissal Pursuant to Rule 12(b)(6) (Record Document 4) is **GRANTED IN PART AND DENIED IN PART**.

## BACKGROUND

Plaintiffs Ron Brothers, Kalen Hein, Elijah Hill, Wesley A. Moore, Willie E. Moore, III, Robert Matthew Oswalt, and Jason Woods filed the instant civil action in 2016 against SPC Rentals asserting claims under the Fair Labor Standards Act of 1938 ("FLSA") and Louisiana law. See Record Document 1. SPC Rentals is in the business of performing labor and furnishing services and materials, machinery and supplies in connection with oil and gas drilling, completion and workover operations. See id. at ¶ 7. Under the name Superior Pressure Control, SPC Rentals also provides labor, services, and equipment for oil and gas well pressure control. See id. at ¶ 8. Plaintiffs were employed by SPC Rentals

and assigned to the Minden, Louisiana location.  See id. at ¶ 1.[1]  Plaintiffs operated oil and gas pressure control equipment and provided labor to SPC Rentals' customers.  See id. at ¶ 10.  More specifically, Plaintiffs operated machinery, tools, and equipment – primarily well pressure control equipment used in connection with oil and gas drilling, well completion, and workover operations.  See id. at ¶ 13.  They set up, operated, and took down the equipment used to maintain pressure control on oil and gas wells.  See id. at ¶ 14.  Plaintiffs were either pump operators or grease operators.  See id. at ¶ 15.

Plaintiffs were salaried.  See id. at ¶¶ 25, 27-29.  In addition to salary, they were paid a day rate for each day worked at a well site.  See id. at ¶¶ 22, 28-29.  Plaintiffs were assigned 12 hour-shifts, but allege that they actually worked for a longer period of time each shift.  See id. at ¶¶ 18-19.  Plaintiffs allege that SPC Rentals knew that they "worked more than 40 hours in a workweek at well site locations because it regularly assigned [them] to work shifts of no less than 13 hours for 4 to 7 days a workweek."  Id. at ¶¶ 21, 23.  Plaintiffs assert that SPC Rentals labeled them as "supervisors" to avoid paying overtime compensation.  Id. at ¶ 25.  Plaintiffs maintain they were not supervisors.  See id. at ¶ 26.

Based upon the above facts, Plaintiffs assert FLSA claims for failure to pay overtime.  They also assert a "failure to pay wages timely" claim under La. R.S. 23:633.  This Louisiana state law claim is based on SPC Rentals' "failure to make timely payment of [Plaintiffs'] salaries and day rates."  Id. at ¶¶ 39-48.

A group of Plaintiffs were subjected to "unannounced en masse" drug testing in July 2015.  Id. at ¶¶ 50, 53.  These Plaintiffs "were corralled [with] approximately 40 employees

---

[1] SPC Rentals closed the Minden, Louisiana location in October 2015.  See Record Document 1 at ¶ 30.

in a room where [SPC Rentals] collected the samples of the employees' hair, urine and breath samples for substance abuse testing." Id. at ¶ 51. The drug testing was carried out under the direct supervision of SPC Rentals' Safety Director. See id. at ¶ 53. Plaintiffs allege that "as a direct result of the manner in which the Safety Director conducted the drug testing . . . , [they] were defamed and suffered invasions of privacy." Id. at ¶ 57.

SPC Rentals has now moved to dismiss Plaintiffs' Louisiana state law claims. See Record Document 4. It is not seeking dismissal of Plaintiffs' claims asserted pursuant to the FLSA. See Record Document 4-1 at 5.

**LAW AND ANALYSIS**

**I.     Rule 12(b)(6) Standard.**

Rule 8(a)(2) of the Federal Rules of Civil Procedure governs the requirements for pleadings that state a claim for relief, requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The standard for the adequacy of complaints under Rule 8(a)(2) changed from the old, more plaintiff-friendly "no set of facts" standard to a "plausibility" standard found in Bell Atlantic v. Twombly and its progeny. Twombly, 550 U.S. 544, 127 S.Ct. 1955 (2007). Under this standard, "factual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555-556, 127 S.Ct. at 1965. If a pleading only contains "labels and conclusions" and "formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2). Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citation omitted).

In deciding a Rule 12(b)(6) motion to dismiss, a court generally "may not go outside the pleadings." Colle v. Brazos County, Texas, 981 F.2d 237, 243 (5th Cir. 1993). Courts must also accept all allegations in a complaint as true. See Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949. However, courts do not have to accept legal conclusions as facts. See id. Courts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible under the Iqbal and Twombly standard to survive such a motion. See id. at 678-679, 129 S.Ct. at 1949-1950. If the complaint does not meet this standard, it can be dismissed for failure to state a claim upon which relief can be granted. See id. Such a dismissal ends the case "at the point of minimum expenditure of time and money by the parties and the court." Twombly, 550 U.S. at 558, 127 S.Ct. at 1966.

**II.    La. R.S. 23:633 Claim.**

Plaintiffs assert claims against SPC Rentals "for penalties and damages arising from SPC Rentals' failure to make timely payment of their salaries and day rates, as required by La. R.S. 23:633." Record Document 20 at ¶ 37. Plaintiffs contend that SPC Rentals failed to pay base pay timely – "the appropriate payments were delayed by several weeks and sometimes by a month or more." Id. at ¶¶ 41, 43. Plaintiff did not plead a tort claim for untimely wage payments.

At the outset, the Court holds that neither Section 633(A) not 633(B)[2] grant a private

---

[2]La. R.S. 23:633 provides, in pertinent part:

A.      It shall be the duty of each employer subject to this Section to inform his employees at the time of hire what wages they will be paid, the method in which they will be paid and the frequency of payment along with any subsequent changes thereto. Except as provided under

right of action for enforcement. "The amended act does not provide a private right of action to employees but an employer who violates [Section] 633(A) or (B) may be fined and, for subsequent violations, subject to imprisonment." Rick J. Norman, Louisiana Practice Series, Louisiana Employment Law § 4.22. Additionally, to the extent the Section 633 claims are based on the same allegations that form Plaintiffs' FLSA claims, the claims are duplicative and the FLSA preempts Louisiana state law. See Kidder v. Statewide Transp., Inc., 2013-594 (La. App. 3 Cir. 12/18/13), 129 So. 3d 875, 879-880. Thus, SPC Rentals' Rule 12(b)(6) Motion to Dismiss is **GRANTED** as to Plaintiffs' Section 633 claims and such claims are **DISMISSED WITH PREJUDICE**.

### III. Defamation Claims.

Plaintiffs assert that SPC Rentals defamed them in connection with the July 2015 drug testing. See Record Document 1 at ¶ 57. More specifically, they allege:

> Plaintiffs were defamed by Defendant's report that it had drug tested the Plaintiffs for "reasonable suspicion." The statement that there had been "reasonable suspicion" to test the Plaintiffs was false.

---

    Subsection B of this Section, any employer that fails to designate paydays must pay his employees on the first and sixteenth days of the month or as near as is practicable to those days.

B.     Every person, engaged in manufacturing of any kind, or engaged in boring for oil and in mining operations, employing ten or more employees, and every public service corporation, shall make full payment to employees for services performed no less than twice during each calendar month, which paydays shall be two weeks apart as near as is practicable, and such payment or settlement shall include all amounts due for labor or services performed during any such payroll period and shall be payable no later than the payday at the conclusion of the next payroll period, provided that, except in cases of public service corporations, this Section shall not apply to the clerical force or to salesmen.

> Plaintiffs were also defamed by Defendant's communication to those not privileged to receive the information reports of Plaintiffs' unverified positive test results that were later verified as negative.
>
> . . .
>
> Falsely reporting that a drug test was ordered due to "reasonable suspicion" was defamatory.
>
> . . .
>
> Defendant's communication to the DISA, VECTOR and similar databases, and to others, that Plaintiffs had been tested for "reasonable suspicion" gave the false impression that Defendant had strong objective, particularized evidence as to each plaintiff that met the "reasonable suspicion" criteria established by DISA and similar databases.
>
> . . .
>
> Defendant did not have "reasonable suspicion" to test the plaintiffs and its report to DISA, VECTOR and others that there was "reasonable suspicion" was false.
>
> . . .
>
> The false report was made with malice. Defendant knew that it was not testing the Plaintiffs based upon a "reasonable suspicion" standard, yet it still reported the tests as being based upon "reasonable suspicion."

Id. at ¶¶ 64, 65, 68, 76, 79 & 81.

SPC Rentals seek protection under the Louisiana Drug Testing Statute, which provides, in pertinent part:

> B. No cause of action for defamation of character, libel, slander, or damage to reputation or privacy arises in favor of any person against an employer or testing entity who has established a program of drug or alcohol testing in accordance with this Chapter, unless:
>
> > (1) The results of that test were disclosed to any person other than the employer or testing entity, an authorized employee or agent of the employer or testing entity, the tested employee, or the tested prospective employee;

> (2) The information disclosed was based on a false test result or a failure to comply with the provisions of this Chapter;
>
> (3) All elements of an action for defamation of character, libel, slander, or damage to reputation or privacy as established by statute or civil law, are satisfied.

La. R.S. 49:1012(B). However, as noted by Plaintiffs, this Court hold that Section 1012 is inapplicable because the Louisiana Drug Testing Statute does not apply to SPC Rentals. See La. R.S. 49:1002(E) ("Applicability. . . . This Chapter shall not apply to any person, firm, or corporation engaged or employed in the exploration, drilling, or production of oil or gas in Louisiana or its territorial waters.").

The Court must, therefore, analyze Plaintiffs' defamation claim under ordinary tort principles of Louisiana law. "Defamation is a tort which involves the invasion of a person's interest in his or her reputation and good name." Costello v. Hardy, 2003-1146 (La. 1/21/04), 864 So. 2d 129, 139. "Four elements are necessary to establish a defamation cause of action: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury." Id. The fault requirement has evolved in jurisprudence to require malice, whether it be actual or implied. See id. "Thus, in order to prevail on a defamation claim, a plaintiff must prove 'that the defendant, with actual malice or other fault, published a false statement with defamatory words which caused plaintiff damages.'" See id. at 139-140.

SPC Rentals submits that statements of opinion cannot be considered defamatory. See Record Document 4-1 at 12-14. It argues that Plaintiffs' defamation claims fail because "reasonable suspicion" was SPC Rentals' statement of opinion and it did not imply

a defamatory fact.  See id. at 14.

This Court has reviewed Plaintiffs' factual allegations as to defamation and outlined many of them above.  Additionally, the Court notes that Plaintiffs allege that "reasonable suspicion" in the context of drug testing is defined as "a belief based on objective facts sufficient to lead a prudent person to conclude that a particular person performed a particular act."  Record Document 1 at ¶ 69.  Plaintiffs further allege that "before drug testing can be conducted based upon 'reasonable suspicion,' Defendant's policy requires "strong evidence" of illegal drug use, which "must be documented."  Id. at ¶ 70.  Under Louisiana law, "a statement of opinion that is based totally on [a] subjective view and does not expressly state or imply the existence of underlying facts is not actionable under Louisiana law."  Bussie v. Lowenthal, 535 So. 2d 378, 381 (La. 1988); Mashburn v. Collin, 355 So. 2d 879, 885-886 (La. 1977).  Yet, "if a statement of opinion is accompanied by an express statement of fact, that express statement of fact may be actionable if it is defamatory, false, and concerns another.  Moreover, if a statement of opinion implies that certain facts exist, then such a statement, even though couched in terms of an opinion, may give rise to a defamation action if the implied factual assertions are defamatory and false."  Id.  Based on these legal principles and the factual allegations plead, which must be assumed true at this stage, the Court holds that Plaintiffs' defamation claims raise a right to relief above the speculative level and survive Rule 12(b)(6) attack.

**IV.     Invasion of Privacy Claims.**

Plaintiffs assert that SPC Rentals invaded their privacy in connection with the July 2015 drug testing.  See Record Document 1 at ¶¶ 93-105.  More specifically, they allege:

> The manner in which Defendant conducted the observed sample

> collections was unreasonable under drug testing standards and intruded upon Plaintiffs' physical privacy.
>
> . . . Some Plaintiffs were required to submit to observed collection samples that involved the exposure of their genitalia and buttocks in a manner that could be viewed by other employees present, male and female.
>
> . . .
>
> Defendant's Safety Director, for whom Defendant is liable, invaded Plaintiffs' privacy by requiring them to disclose medical conditions and to produce pharmacy and prescription records when there was no business reason or necessity for doing so. The Safety Director then communicated this confidential medical information to those not privileged to receive the communications.
>
> Defendant further invaded the privacy of these employees by receiving and circulating to those not privileged to receive it confidential medical information and other personal, private and embarrassing facts and information about employees, including some of the Plaintiffs, gleaned from the drug testing collection, procedure, and lab reports.
>
> Defendant also invaded Plaintiffs' privacy by presenting them in a false light.
>
> As stated in the defamation claim asserted above, a report from Defendant that an employee was drug tested for "reasonable suspicion" carries career-damaging connotation. . . . [T]he Defendant presented these Plaintiffs in a false light.

Id. at ¶¶ 96-97, 99-102.

Under Louisiana law, the tort of invasion of privacy occurs in multiple ways, including "when the defendant unreasonably intrudes upon the plaintiff's physical solitude or seclusion." Jaubert v. Crowley Post-Signal, Inc., 375 So. 2d 1386, 1388 (La. 1979). Louisiana law also recognizes a cause of action for "false light" invasion of privacy. Perere v. Louisiana Television Broad. Corp., 97-2873 (La. App. 1 Cir. 11/6/98), 721 So. 2d 1075, 1078. "The cause of action arises from publicity which unreasonably places the plaintiff in a false light before the public. The publicity need not be defamatory in nature, but must

be objectionable to a reasonable person under the circumstances and must contain either falsity or fiction." Id. "Unlike a defamation action, it is not necessary that there be malicious intent on the part of the defendant." Id. Instead, in order to determine reasonableness, courts are to balance the plaintiff's interest in protecting his privacy from serious invasions with the defendant's interest in pursuing his course of conduct. See id.

The Court has reviewed Plaintiffs' factual allegations as to invasion of privacy and particularly notes the factual allegations regarding (1) exposure of genitalia and buttocks in a manner that could be viewed by other employees present, both male and female; and (2) SPC Rentals making false reports of preliminary, unconfirmed positive results and that the tests had been ordered due to "reasonable suspicion" when there was no "reasonable suspicion." These factual allegations must be accepted as true at the Rule 12(b)(6) stage of litigation. Based on the legal principles discussed above the factual allegations plead, which must be assumed true, the Court holds that Plaintiffs' invasion of privacy claims raise a right to relief above the speculative level and survive Rule 12(b)(6) attack.

## CONCLUSION

Based on the foregoing analysis, SPC Rentals' Motion for Partial Dismissal Pursuant to Rule 12(b)(6) Motion to Dismiss (Record Document 4) is **GRANTED IN PART AND DENIED IN PART**. The motion is granted as to the La. R.S. 23:633 claim and denied as to the defamation and invasion of privacy claims. The Court holds that Plaintiffs have plead to sufficient facts to raise the right to relief above the speculative level as to their defamation and  invasion of privacy claims.

An order consistent with the terms of the instant Memorandum Ruling shall issue

herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 11th day of April, 2017.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE